# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone (213) 625-3900
Facsimile (213) 232-3255
GERAGOS@GERAGOS.COM

July 15, 2021

Hon. Pamela K. Chen, United States District Judge
United States District Court for the Eastern District of New York
Theodore Roosevelt Federal Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      *Re:*    *Paul Ewen v. Sunwing Travel Group et. al. Docket No.: 1:21-cv-03504*

Dear Judge Chen,

      The Plaintiff writes in response to Defendant Sunwing Travel Group, Inc.'s ("Sunwing") request for a pre-motion conference. The Defendant claims, pursuant to Fed. R. of Civ. P. 12(b)(2), that this matter should be dismissed and litigated in Jamaican courts, due to this court's lack of personal jurisdiction. While the Plaintiff does not emphatically oppose a pre-hearing conference, it does contend that the Defendant's intent to file a motion to dismiss is moot because this Court has personal jurisdiction over the Defendant.

      Plaintiff filed the complaint on February 17, 2021, in New York State Supreme Court, Kings County. On June 22, 2021, Defendant filed a Notice of Removal and the matter was removed to this Court. The Defendant now claims that removal to federal court was insufficient and this matter should be heard in Jamaica. Defendant reasons that this Court does not have personal jurisdiction over the Defendant, and that the doctrine of forum non conveniens makes Jamaican courts a more convenient forum for litigation.

      When the forum chosen by the plaintiff is substantially inconvenient, and the correct forum is that of a different jurisdiction, the doctrine of forum non conveniens may require the court to dismiss the action. However, a Plaintiff's choice of forum should rarely be disturbed, save for a few circumstances. This is not a matter of such circumstance. Trial in the current chosen forum would not establish any oppression or vexation to the Defendant out of proportion to the Plaintiff's convenience. In fact, the Defendant markets itself as the "largest travel company in North America." Forum non conveniens is a doctrine that is in place to protect small-scale, local Defendants from traveling the world to defend claims

against them. It was certainly not intended to protect the "largest travel company in North America."

Further, this Court absolutely has personal jurisdiction over the Defendant. Corporations reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). In order to subject a defendant to extraterritorial personal jurisdiction, he must have certain minimum contacts with the forum state so that the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). At all relevant times, upon information and belief, the Defendant was duly authorized to do business in the state of New York, and, more importantly, the Defendant did do business there. Additionally, the Defendant regularly advertised to citizens of New York, through online advertisements and otherwise. Sunwing's activities in New York have been continuous and systematic for a long time, and therefore, the Defendant is subject to general jurisdiction in U.S. District Court in New York.

The Defendant cannot claim to not be unduly surprised by litigation in New York; the Defendant has always been in the state. Not only does Defendant regularly advertise and conduct business in New York, it even sends leadership to dine there. In fact, in 2015, the Defendant's officers celebrated its $400 million partnership with the government of Antigua and Barbuda at the prestigious 21 Club in Manhattan, New York.[1] Additionally, upon information and belief, the Defendant employs booking agents and representatives in New York airports. The Defendant has enjoyed the protections of New York State and U.S. federal law for much of its past dealings; now it's time that it be fairly subject to such laws.

Lastly, in 2020, the court in *Luke v. Sunwing Travel Grp.*, held that this exact Defendant was subject to the personal jurisdiction of this exact court.[2] In sum, it is apparent that the Defendant's request for a pre-motion conference is not a useful expenditure of the parties' time due to this Court's clear authority to reside over the matter.

---

[1] INTRADO GLOBE NEWSWIRE, *Sunwing Travel Group Announces $400 Million Joint Development With the Government of Antigua and Barbuda* (June 3, 2015), https://www.globenewswire.com/en/news-release/2015/06/03/1122627/0/en/Sunwing-Travel-Group-Announces-400-Million-Joint-Development-With-the-Government-of-Antigua-and-Barbuda.html
[2] Luke v. Sunwing Travel Grp., No. 20-CV-4964 (LLS), 2020 U.S. Dist. LEXIS 235401, at *7 (E.D.N.Y. Dec. 14, 2020) (holding that Defendant Sunwing Travel Group was subject to the Eastern District's personal jurisdiction).

Very truly yours,

Daniel E. Lust

Attorney for Plaintiff

GERAGOS & GERAGOS